Gary W. Osborne (Bar No. 145734)
Dominic S. Nesbitt (Bar No. 146590)
OSBORNE & NESBITT LLP
101 West Broadway, Suite 1330
San Diego, California 92101
Phone: (619) 557-0343
Fax: (619) 557-0107
gosborne@onlawllp.com
dnesbitt@onlawllp.com
Attorneys for Plaintiff, STEM, INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| STEM, INC.,<br>a Delaware Corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>SCOTTSDALE INSURANCE COMPANY, an Ohio Corporation,<br><br>    Defendant. | CASE NO. 3:20-cv-02950-CRB<br><br>**DECLARATION OF GARY OSBORNE IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING SCOTTSDALE'S DEFENSE OBLIGATION**<br><br>Date:    April 29, 2021<br>Time:   10:00 a.m.<br>CTRM:  6 |
|---|---|

I, Gary Osborne, declare as follows:

    1.    I am an attorney licensed to practice before all of the courts in the State of California. I am a Partner in the insurance coverage law firm of Osborne & Nesbitt LLP, attorneys of record for Plaintiff, Stem Inc. ("Stem"), in the above-captioned insurance coverage litigation against Scottsdale Insurance Company ("Scottsdale").

    2.    On May 12, 2017, four of Stem's shareholders (*i.e.*, Stacey Reineccius, Richard Grimm, Gregory Klingsporn and Brenda Berlin) filed a lawsuit in the San Mateo Superior Court entitled *Stacey Reineccius, et al. v. Zeb Rice, et al.*, and assigned Case No. 17CIV02098 (the "2017 Shareholder Lawsuit").

DECLARATION OF GARY OSBORNE IN SUPPORT OF
PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT – 3:20-cv-02950-CRB

1

3. Stem is not named as a defendant in the 2017 Shareholder Lawsuit. Among the five named defendants, however, three qualify as insureds under the Scottsdale policies. These insured defendants are Zeb Rice, John Carrington and David Buzby, all of whom are now, or were at the time, members of Stem's board of directors.

4. The underlying plaintiffs' claims are based on alleged wrongful acts related to the 2013 Series B Financing and its 100:1 Pull Forward Provision (the "Series B Financing Claim"), and upon allegations related to a loan that David Buzby made to Stem in January 2017 (the "Buzby Loan Claim").

5. Stem tendered the 2017 Shareholder Lawsuit to Scottsdale on June 2, 2017. Scottsdale denied it owed any defense obligation related to the 2017 Shareholder Lawsuit in a letter dated July 27, 2017.

6. On April 29, 2020, Stem filed the instant lawsuit against Scottsdale (the "Coverage Action"), alleging claims for Breach of Contract, Tortious Breach of the Covenant of Good Faith and Fair Dealing, and Declaratory Relief. A true and correct copy of the complaint filed in the above-captioned Coverage Action is attached to the separately bound exhibits as Exhibit "F."

7. In the Coverage Action, Scottsdale responded initially by filing a Motion to Dismiss. One of the issues litigated in connection with Scottsdale's Motion to Dismiss was whether Exception iv to the Insured vs. Insured Exclusion applied. In an Order dated July 20, 2020, this Court denied Scottsdale's Motion to Dismiss. A true and correct copy of the Court's July 20, 2020 Order is attached to the separately bound exhibits as Exhibit "G."

8. During the Coverage Action, Stem requested, and Scottsdale produced, a copy of Scottsdale's Claim File, bates labeled SCOTTSDALE 000001 to 000317, as well as a copy of Scottsdale's Underwriting File, bates labeled SCOTTSDALE 000509 to 1288.

9. Attached to the separately bound exhibits as Exhibit "N" is a true and correct copy of a document from Scottsdale's Underwriting File, bates labeled SCOTTSDALE 1273, in which Scottsdale sets forth a list of the eight consecutive "Business and Management Indemnity" policies that it issued to Stem annually from October 13, 2011 to October 27, 2019, as follows:

| No. | Insurer | Policy No. | Policy Term |
|---|---|---|---|
| 1 | Scottsdale | EKS3049560 | 2011-2012 |
| 2 | Scottsdale | EKS3077433 | 2012-2013 |
| <u>3</u> | <u>Scottsdale</u> | <u>EKS3113947</u> | <u>2013-2014</u> |
| 4 | Scottsdale | EKS3141699 | 2014-2015 |
| 5 | Scottsdale | EKS3170657 | 2015-2016 |
| <u>6</u> | <u>Scottsdale</u> | <u>EKS3202928</u> | <u>2016-2017</u> |
| 7 | Scottsdale | EKS3236193 | 2017-2018 |
| 8 | Scottsdale | EKS3272425 | 2018-2019 |

10. Two of the above-referenced Scottsdale policies (underscored above) are at issue in this Coverage Action. The first is the 2013-2014 Policy, having a policy period of October 27, 2013 to October 27, 2014, a true and correct copy of which is attached to the separately bound exhibits as Exhibit "A." The second is the 2016-2017 Policy, having a policy period of October 27, 2016 to October 27, 2017, a true and correct copy of which is attached to the separately bound exhibits as Exhibit "B."

11. In Scottsdale's Claim File is a copy of a letter from Richard Grimm to Powergetics, Inc. dated November 17, 2010, on which Scottsdale relied when it denied it owed a defense obligation related to the 2017 Shareholder Lawsuit. A

true and correct copy of Mr. Grimm's November 17, 2010 letter, bates labeled SCOTTSDALE 85, is attached to the separately bound exhibits as Exhibit "H."

12. In Scottsdale's Claim File is a copy of an October 17, 2014 email from Stem's insurance broker at the time, Woodruff Sawyer, to Scottsdale, providing notice of circumstances that may lead to a future claim pursuant to the 2013-2014 Policy's "Awareness Provision." A true and correct copy of this October 17, 2014 notice of circumstances, bates labeled SCOTTSDALE 000232, is attached to the separately bound exhibits as Exhibit "R."

13. Scottsdale's policies, like virtually all claims-made policies, include what is often called an "Awareness Provision." The provision permitted Stem to "lock in" coverage under a particular policy by giving written notice to Scottsdale, during the policy period, "of specific facts or circumstances which may reasonably give rise to a future **Claim** covered under this **Policy**." Provided such a notice is given, the Awareness Provision provides that "any **Claim** made subsequently arising out of such facts or circumstances shall be deemed for the purposes of this Coverage Section to have been made at the time such notices [sic] was received by the **Insurer**."

14. In Scottsdale's Claim File is a copy of a letter from Michael Walder, on behalf of Scottsdale, to Joe Matamoros at Stem, dated January 23, 2015, responding to the October 17, 2014 notice of circumstances. A true and correct copy of Mr. Walder's January 23, 2015 letter, bates labeled SCOTTSDALE 000233 to 237, is attached to the separately bound exhibits as Exhibit "S."

15. Attached to the separately bound exhibits as Exhibit "T," is a true and correct copy of the definition of "demand letter" contained in Black's Law Dictionary, 10th ed. 2014.

16. On August 14, 2020, Stem propounded a first set of Special Interrogatories on Scottsdale. On September 18, 2020, Scottsdale served responses

to Stem's Special Interrogatories, Set 1. A true and correct copy of Scottsdale's responses to Stem's Special Interrogatories, Set 1, dated September 18, 2020, is attached to the separately bound exhibits as Exhibit "U."

17. The application for D&O insurance that Stem submitted to Scottsdale, that is attached to the separately bound exhibits as Exhibit "M," is an E-Risk Application. (See Exh. "M" at 275.) It shows a "form date," or "version date," of (10-09), as can be seen on the bottom-left corner of each page. This indicates that this particular version was revised and put into use in October 2009. On the internet, at https://www.rubiconins.com/wp-content/uploads/2017/10/E-Risk-BAM-New-Business-WRITEABLE-APP.pdf, I found a subsequent version of this same E-Risk application, showing the "version date" of (10-14), indicating it was revised and put into use starting in October 2014. A true and correct copy of this subsequent version of the E-Risk application is attached to the separately bound exhibits as Exhibit "V."

18. On February 9, 2021, Scottsdale took the deposition of Stem director David Buzby. I attended Mr. Buzby's deposition. Attached to the separately bound exhibits as Exhibit "W" are excerpts of a true and correct record of the questions asked and the answers given during Mr. Buzby's deposition concerning the subject of the loan that Mr. Buzby made to Stem in January 2017.

I declare under penalty of perjury under the laws of the United States of America that the above statements are true and correct.

DATED: March 25, 2021

Gary Osborne