**COZEN O'CONNOR**
Valerie D. Rojas, State Bar No. 180041
*vrojas@cozen.com*
601 S. Figueroa Street, Suite 3700
Los Angeles, CA 90017
Telephone: 213.892.7900
Facsimile: 213.892.7999

Attorney for Defendant
SCOTTSDALE INSURANCE COMPANY

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

STEM, INC.,

Plaintiff,

v.

SCOTTSDALE INSURANCE COMPANY, an Ohio corporation; and DOES 1 through 20, inclusive,

Defendants.

Case No.: 4:20-cv-02950-CBR

**DEFENDANT SCOTTSDALE INSURANCE COMPANY'S WITNESS LIST**

**Pre-Trial Conference: May 27, 2021**
**Trial Date: June, 14, 2021**

Pursuant to Local Rule 16-5, Defendant Scottsdale Insurance Company ("Scottsdale") hereby submit the following Witness List.

*Indicates that witness will be called only if the need arises.

**WITNESS LIST**

| Witness's Name* | Summary of Testimony |
| --- | --- |
| Bill Bush | CFO of Stem. Mr. Bush will testify about Stem's applications for insurance to Scottsdale, his communications with Scottsdale, the 2013 Delaware action, his communications with Stem's insurance broker, the Underlying Action, the facts giving rise to, and alleged in, the Underlying Action, and Stem's alleged damages. |
| David Buzby | Board member of Stem. Mr. Buzby will testify about the 2010 |

| Witness's Name* | Summary of Testimony |
|---|---|
| | dispute, the 2011 Arbitration and 2011 Settlement Agreement, including all facts and documents giving rise to the 2011 Settlement, the Underlying Action, the facts giving rise to, and alleged in, the Underlying Action, Stem's indemnification of him in the Underlying Action and Stem's alleged damages. |
| Tanya Bryan | Underwriter for Scottsdale. Ms. Bryan will testify about Scottsdale's underwriting process, its underwriting policies and the process she undertook in underwriting the original policy issued to Stem and the underwriting of subsequent policies. She will testify that on September 13, 2011, Stem submitted its application for insurance to Scottsdale and in response to Question IV. 1, Stem checked "No" denying that any Insured was the subject of litigation, demand letters or government inquiries in the last three years. If Stem had responded "Yes" to question IV.1. the rating system would automatically decline the account and the underwriter on Stem's account in 2011 would have declined to issue the Policy had she learned of the 2010 Dispute. If Scottsdale knew the true facts, Scottsdale would have declined to issue the policy or may have offered the policy under different terms and conditions and premium, but Scottsdale would not have issued the policy under the same terms, conditions and premium. |
| John Carrington | CEO of Stem. Mr. Carrington will testify about the Underlying Action against him including Stem's indemnification of him in the Underlying Action, the facts giving rise to, and alleged in, the Underlying Action, the 2013 Delaware action, and Stem's alleged damages. |

| **Witness's Name*** | **Summary of Testimony** |
| --- | --- |
| Brand Cooper | Scottsdale's expert witness concerning Stem's claim for defense fees and costs and *Brandt* fees. Mr. Cooper will testify about Plaintiff's alleged damages, including the reasonableness and necessity of defense fees and costs Plaintiff is claiming, as well as the reasonableness of Plaintiff's alleged *Brandt* fees. Mr. Cooper will testify about the allocation of fees and costs between fees to obtain contract damages and fees incurred to prove bad faith. Mr. Cooper will also respond to the opinions of Plaintiff's expert witnesses. |
| Larry Goanos | Scottsdale's expert witness concerning claim handling. Mr. Goanos will testify that Scottsdale complied with insurance industry standards in handling Plaintiff's claim, and that its claim investigation was proper and reasonable. Mr. Goanos will testify about the industry standards for claims handling, the coverages provided by the policy, and that Scottsdale's coverage position was within industry standards. Mr. Goanos will also testify concerning Stem's claim and its misrepresentations and omissions in the application for insurance Stem submitted to Scottsdale, as well as the impact of such misrepresentations. Mr. Goanos will also respond to the opinions of Plaintiff's expert witnesses. |
| Richard Grimm | Plaintiff in Underlying Action and former attorney for Stacey Reineccius. Mr. Grimm will testify about the exchange of demand letters with Stem, the facts giving rise to, and alleged in, the Underlying Action. Mr. Grimm will testify about the 2010 dispute, the 2011 Arbitration and 2011 Settlement Agreement, including all facts and documents giving rise to the 2011 Settlement, the Underlying Action, the facts giving rise to, and |

| Witness's Name* | Summary of Testimony |
|---|---|
| | alleged in, the Underlying Action. Mr. Grimm will also testify about his settlement with Stem and the insureds in 2011 and 2019. |
| Aaron Klass | Scottsdale's claim counsel. Mr. Klass is expected to testify about his investigation of Stem's claim, his communications with Stem and his compliance with insurance industry standards and regulations, as well as the basis for Scottsdale's coverage position. |
| Gregory Klingsporn | Plaintiff in Underlying Action and former attorney for Stacey Reineccius. Mr. Klingsporn will testify about the exchange of demand letters with Stem, the facts giving rise to, and alleged in, the Underlying Action. Mr. Klingsporn will testify about the 2010 dispute, the 2011 Arbitration and 2011 Settlement Agreement, including all facts and documents giving rise to the 2011 Settlement, the Underlying Action, the facts giving rise to, and alleged in, the Underlying Action. Mr. Klingsporn will also testify about his settlement with Stem and the insureds in 2011 and 2019 |
| Wade Pederson | Former insurance broker for Stem. Mr. Pederson is expected to testify about his communications with Stem concerning its application for insurance submitted to Scottsdale and Stem's tender of the Delaware lawsuit to Scottsdale in 2014. Mr. Pederson will testify that he assisted Stem with its application for insurance, he learned of the 2010 Claim and advised Stem that Scottsdale did not want to insure future litigation based upon known circumstances. Mr. Pederson will testify that it is his practice to advised insureds to disclose all potential prior claims and demand letters to insurers like Scottsdale when applying for insurance. Mr. Pederson will testify that on September 13, 2011, |

| Witness's Name* | Summary of Testimony |
| --- | --- |
| | Stem submitted its application for insurance to Scottsdale and in response to Question IV. 1, Stem checked "No" denying that any Insured was the subject of litigation, demand letters or government inquiries in the last three years. |
| Stacey Reineccius | Founder and former CEO and board member of Stem. Mr. Reineccius will testify about the exchange of demand letters with Stem, the facts giving rise to, and alleged in, the Underlying Action. Mr. Reineccius will testify about the 2010 dispute, the 2011 Arbitration and 2011 Settlement Agreement, including all facts and documents giving rise to the 2011 Settlement, the Underlying Action, the facts giving rise to, and alleged in, the Underlying Action. Mr. Reineccius will also testify about his settlement with Stem and the insureds in 2011 and 2019. |
| Brian Thompson | Former CEO of Stem. Mr. Thompson is expected to testify about the 2010 dispute, the 2011 Arbitration and 2011 Settlement Agreement, including all facts and documents giving rise to the 2011 Settlement, the Underlying Action. |
| Paul Tomasi | Underwriter for Scottsdale. Mr. Tomasi will testify about Scottsdale's underwriting process, its underwriting policies and the process undertaken to underwrite each of the policies Scottsdale issued to Stem. Mr. Tomasi will testify that on September 13, 2011, Stem submitted its application for insurance to Scottsdale and in response to Question IV. 1, Stem checked "No" denying that any Insured was the subject of litigation, demand letters or government inquiries in the last three years. If Stem had responded "Yes" to question IV.1. the rating system would automatically decline the account and the underwriter on |

| Witness's Name* | Summary of Testimony |
|---|---|
| | Stem's account in 2011 would have declined to issue the Policy had she learned of the 2010 Dispute. If Scottsdale knew the true facts, Scottsdale would have declined to issue the policy or may have offered the policy under different terms and conditions and premium, but Scottsdale would not have issued the policy under the same terms, conditions and premium. |
| Michael Zartman | Technical Director for Scottsdale. Mr. Zartman is expected to testify about Scottsdale's investigation of Stem's claim, its communications with Stem, Scottsdale's compliance with insurance industry standards and regulations, as well as the basis for Scottsdale's coverage position. Mr. Zartman will also testify about Stem's applications for insurance, and Scottsdale's coverage determination based upon Stem's applications. |

DATED: April 22, 2021

COZEN O'CONNOR

By: /s/*Valerie D. Rojas*
Valerie D. Rojas
Angel Marti, III
Attorneys for Defendant SCOTTSDALE INSURANCE COMPANY