**Gary W. Osborne (Bar No. 145734)**
**Dominic S. Nesbitt (Bar No. 146590)**
OSBORNE & NESBITT LLP
101 West Broadway, Suite 1330
San Diego, California 92101
Phone: (619) 557-0343
Fax: (619) 557-0107
gosborne@onlawllp.com
dnesbitt@onlawllp.com

Attorneys for Plaintiff, STEM, INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEM, INC., a Delaware Corporation, <br><br> Plaintiff, <br><br> vs. <br><br> SCOTTSDALE INSURANCE COMPANY, an Ohio Corporation, <br><br> Defendant. | CASE NO.  3:20-cv-02950-CRB <br><br> **PARTIES' JOINT STATUS REPORT** <br><br><br> Judge:      Hon. Charles R. Breyer <br> CTRM:      6 |

Pursuant to the Court's May 3, 2021 Order, the parties submit the following Joint Status Report.

**1.    CASE SUMMARY AND PROCEEDINGS TO DATE**

   **a.    Underlying Litigation**

On May 12, 2017, three of Stem, Inc's directors, Messrs. Zeb Rice, John Carrington and David Buzby, were named as defendants in a lawsuit filed in the San Mateo County Superior Court entitled *Stacey Reineccius, et al. v. Zeb Rice, et al.*, and assigned Case No. 17CIV02098 (the "2017 Shareholder Lawsuit"). In August 2019, Stem settled with two of the four plaintiffs, Stacey Reineccius and Brenda Berlin. The other two plaintiffs, Richard Grimm and Gregory Klingsporn,

/ / /

continue to prosecute their respective claims against Stem's directors. As such, the 2017 Shareholder Lawsuit is still being litigated.

### b. Stem Files this Coverage Action

On June 2, 2017, Stem tendered the 2017 Shareholder Lawsuit to Scottsdale seeking a defense for its three directors. By letter dated July 27, 2017, Scottsdale denied it owed any defense obligation. On April 29, 2020, Stem filed the instant action against Scottsdale.

Stem's complaint alleges the following four claims for relief: (1) Breach of Contract (the 2013-2014 Policy); (2) Breach of Contract (the 2016-2017 Policy); (3) Tortious Breach of the Implied Covenant of Good Faith and Fair Dealing; and (4) Declaratory Relief.

On May 26, 2020, Scottsdale responded by filing a motion to dismiss. On July 20, 2020, this Court denied Scottsdale's motion. On July 31, 2020, Scottsdale filed an Answer. On February 26, 2021, the parties concluded fact discovery and exchanged expert reports.

### c. The Parties' Cross-Motions for Partial Summary Judgment/Summary Judgment

On March 25, 2021, Stem and Scottsdale filed cross-motions for partial summary judgment/summary judgment. Stem's motion for partial summary judgment argued that the 2013 Series B Financing Claim in the 2017 Shareholder Lawsuit triggered Scottsdale's defense obligation under its 2013-2014 policy, while the 2017 Buzby Loan Claim triggered Scottsdale's defense obligation under its 2016-2017 policy. Scottsdale, on the other hand, argued in its cross-motion for summary judgment that it did not owe Stem's directors a duty to defend under any of its policies, and/or that its denial was not unreasonable or without proper cause.

### d. The Court's May 3, 2021 Order

On May 3, 2021, the Court issued an Order granting in part and denying in part the parties' respective motions. The Court ruled that Stem was entitled to

partial summary judgment with respect to the 2017 Buzby Loan Claim, but otherwise denied Stem's motion. The Court further ruled that Scottsdale was entitled to partial summary judgment with respect to the 2013 Series B Financing Claim, and was also entitled to partial summary judgment with respect to Stem's claims for bad faith and punitive damages. The Court denied Scottsdale's motion for summary judgment with respect to the 2017 Buzby Loan Claim.

The Court's May 3, 2021 Order concluded by vacating (1) the June 13, 2021 trial date; (2) the May 27, 2021 pre-trial conference; (3) the April 30, 2021 deadline for filing dispositive motions; and (4) the May 14, 2021 expert discovery cut-off date.

## 2. REMAINING ISSUES TO BE LITIGATED

### a. Stem's Position

Having found that the 2017 Buzby Loan Claim is potentially covered, the remaining issue before the Court is the appropriate measure of the damages owed by Scottsdale for having breached its duty to defend.

Messrs. Rice, Carrington and Buzby, who were all directors of Stem at the time of the 2017 Buzby Loan, all face potential liability for breach of fiduciary duty in connection with the 2017 Buzby Loan Claim. Accordingly, Stem contends that under California law, Scottsdale must reimburse Stem the full amount of the defense and settlement costs it has reasonably incurred, and will continue to reasonably incur, to defend its directors against the ongoing 2017 Shareholder Lawsuit. *See Arenson v. National Auto. & Cas. Ins. Co.*, 48 Cal.2d 528, 539 (1957) ("Having defaulted such agreement [to defend] the company is manifestly bound to reimburse its insured for the full amount of any obligation reasonably incurred by him."); *Buss v. Superior Court,* 16 Cal.4th 35, 48-49 (1997) (holding that in a "mixed" action, in which at least one claim is potentially covered and at least one claim is not, the law imposes on a liability insurer a duty to defend the entire action). Moreover, as a breaching insurer, Scottsdale has lost any right it

might otherwise have had to allocate defense costs between covered and uncovered claims. *See, e.g.*, *Electronics For Imaging, Inc. v. Atlantic Mut. Ins. Co.*, 2007 U.S. Dist. LEXIS 38058, *4-6 (N.D. Cal. May 14, 2007) ("As defendant did not provide plaintiff with a defense, defendant is liable for plaintiff's costs and fees incurred in defending the underlying action, <u>including those fees and costs incurred in defending claims that are not even potentially covered</u>.") (underscore added). Stem is also entitled to prejudgment interest. *See, e.g., Copart, Inc. v. Travelers Indem. Co.*, Case No. C-97-1862-VRW, 1999 U.S. Dist. LEXIS16876 (N.D. Cal. Oct. 22, 1999) (awarding insured prejudgment interest on defense costs incurred following insurer's breach of duty to defend).

Two law firms have defended Stem's three directors against the 2017 Shareholder Lawsuit. Wilson Sonsini Goodrich & Rosati ("WSGR") has defended Messrs. Carrington and Buzby, while Covington & Burling ("C&B") has defended Mr. Rice. The 2017 Shareholder Lawsuit is ongoing and, therefore, Stem's damages for defense costs increase with each passing month.  At this time, however, Stem's past defense costs, plus prejudgment interest through May 31, 2021, are at least as set forth below:

| **Past Defense Costs** | | | |
| --- | --- | --- | --- |
| **Source** | **Fees/Costs** | **Interest** | **Total** |
| WSGR | $2,474,210.37 | $461,879.87 | $2,936,090.24 |
| C&B | $695,962.91 | $149,063.98 | $845,026.89 |
| Other Vendors | $47,436.39 | $6,285.15 | $53,721.54 |
| Total | $3,217,609.67 | $617,229.00 | $3,834,838.67[1] |

Below, in section 5.b., addressing Scottsdale's proposed "Additional Motions," Scottsdale proposes to file "a motion for summary judgment concerning whether the 2017 Buzby Loan alleges a Loss as that term is defined by

---

[1]  This preliminary total does not include C&B's invoices for work performed since March 2020, nor does it include settlement costs or ongoing defense costs.

the Policy." Stem submits that such a motion would be highly improper. The Court has already adjudicated that the 2017 Buzby Loan Claim is potentially covered by Scottsdale's policy. Specifically, in its May 3, 2021 Order, the Court ruled that "Stem is entitled to partial summary judgment on Stem's breach of contract claim because Scottsdale breached its defense obligations with respect to the 2017 Buzby Loan Claim . . . ." *See* Court's May 3, 2021 Order, p. 25:1-3. Scottsdale's proposed "motion for summary judgment" – in which it proposes to re-argue why it believes it did not breach its coverage obligation with respect to the Buzby Loan Claim – would amount to an improper end-run around the high standard governing a motion for reconsideration. See Local Rule 7-9.[2]

**b.     Scottsdale's Position**

The remaining issues for trial are whether there is a potential for coverage for the 2017 Buzby Loan, and what are the reasonable and necessary attorney's fees and costs incurred for the defense of Buzby in connection with the 2017 Buzby Loan claim.

Plaintiffs in the underlying action contend that Buzby breached his fiduciary duties by making a short term loan to Stem in 2017 at a high interest rate.  The 2017 Buzby Loan claim is not potentially covered because it does not allege a Loss as that term is defined by the Policy.  Section B.7. of the Policy defines Loss and states that "Loss does not include: b. matters uninsurable under the laws pursuant to which this Policy is construed."  In California, claims for restitution and disgorgement are uninsurable as a matter of law because "Damages within the

---

[2]     In contrast, Stem's proposed motion for summary judgment, discussed below in section 5.a., would address a separate part of its claim with respect to the Buzby Loan Claim, *i.e.*, *one not yet adjudicated by the Court,* namely, the measure of damages Scottsdale owes for breaching its duty to defend. *See* Fed. R. Civ. Proc. 56 (a) (permitting the parties to identify "the part of each claim or defense" on which summary judgment is sought) (underscore added).

meaning of an insurance contract do not include the restoration of an ill-gotten gain." *Bank of the West v. Superior Court*, 2 Cal.4th 1254, 1270 (1992). "Disgorgement of profits is particularly applicable in cases dealing with breach of a fiduciary duty, and is a logical extension of the principle that public officials and other fiduciaries cannot profit by a breach of their duty. Where a person profits from transactions conducted by him as a fiduciary, the proper measure of damages is full disgorgement of any secret profit made by the fiduciary regardless of whether the principal suffers any damage. [Citations.]" *County of San Bernardino v. Walsh*, 158 Cal.App.4th 533, 543 (2007); *Level 3 Comms. v. Federal Ins. Co.*, 272 F.3d 908, 910–11 (7th Cir.2001)(holding that a policyholder does not incur an insurable "loss" when it is compelled to return allegedly ill-gotten gains in connection with the purchase or sale of a company)(citing cases).

In addition, Scottsdale is only obligated to pay the reasonable and necessary costs to defend Buzby in connection with the 2017 Buzby Loan claim. *State v. Pacific Indemnity Company*, 63 Cal.App.4th 1535, 1550 (1998) ["If Pacific Indemnity, after providing an entire defense, can prove that a claim was "not even potentially covered because it did not even possibly embrace any triggering harm of the specified sort within its policy period or periods caused by an included occurrence," it should have that opportunity."]; *Hogan v. Midland National Insurance Co.*, 3 Cal.3d 553, 91 Cal.Rptr. 153, 476 P.2d 825 (1970); *Thane International, Inc. v. Hartford Fire Ins. Co.*, 2009 WL 453106, fn. 5 (C.D. Cal. 2009) ("the Court's ruling does not preclude American Casualty from attempting to demonstrate that certain fees and costs incurred by plaintiffs were "unreasonable or unnecessary.").

The contract measure of damages for breach of the insurer's duty to defend are the costs and attorney fees incurred by the insured in defending the underlying action, but voluntary payments are not recoverable. *Richards v. Sequoia Ins. Co.*, 195 Call.App.4th 431, 437 (2011).  Here, Stem volunteered to pay the attorney's

fees and costs incurred by one of its investors (Angeleno Group), its officer/Stem board member Zeb Rice and John Carrington, but these parties were not sued in connection with the 2017 Buzby Loan. Scottsdale is not required to pay the fees and costs incurred in defending these parties.

With respect to prejudgment interest, Stem is only entitled to prejudgment interest from the date of payment of the reasonable and necessary fees and costs to defend Buzby in connection with the 2017 Buzby Loan. *Hartford Accident & Indem. Co. v. Sequoia Ins. Co.*, 211 Cal.App.3d 1285, 1291, 1307 (1989) (awarding prejudgment interest from the date plaintiff paid to settle a claim in full even though the defendants' legal liability obligating them to contribute to the settlement was not established until the entry of summary judgment); *Overholser v. Glynn*, 267 Cal.App.2d 800, 809–10 (1968) (holding that the plaintiff-guarantor's right to recover the money 'vested' when he paid to satisfy his coguarantors' indebtedness).

Scottsdale proposes to file a second motion for summary judgment concerning whether the Buzby Loan Claim alleges a Loss as that term is defined by the Policy. Stem claims the motion is a motion for reconsideration, but the Court did not address this issues. The court has discretion to permit multiple motions for summary judgment. Moreover, Stem also proposes to file a second motion for summary judgment. To the extent Stem is permitted to file such a motion, it would be unfair to preclude Scottsdale from also filing a second motion for summary judgment.

Further, Stem's attempt to distinguish its proposed motion for summary judgment is without merit. Stem erroneously claims that the court already addressed whether the 2017 Buzby Loan alleges a Loss, and cannot point to a ruling on this issue. Stem previously chose to file a motion for partial summary judgment concerning the 2017 Buzby Loan and now attempts to have this court rule on the measure of damages before a final determination on the potential for

coverage for the 2017 Buzby Loan. Although the court did not grant Scottsdale's motion in its entirety, this does not mean that Scottsdale cannot still prove at trial that there is no potential for coverage. *McMillin Companies, LLC v. American Safety Indemnity Co.*, 233 Cal.App.4th 518, 533 (2015).

3. **DISPUTED FACTUAL ISSUES**

   a. **According to Stem:**
      1. What is the amount of Stem's reasonable defense and settlement costs?
      2. What is the amount of prejudgment interest on Stem's reasonable defense and settlement costs?

   b. **According to Scottsdale:**
      1. Whether the 2017 Buzby Claim alleges a Loss as that term is defined by the Policy.
      2. Whether Stem made Voluntary payments and the amount of those payments.

4. **DISPUTED LEGAL ISSUES**

   a. **According to Stem:**
      1. What is the measure of damages Scottsdale is required by law to pay for breaching its duty to defend the 2017 Shareholder Lawsuit?
      2. Whether Scottsdale's proposed summary judgment motion concerning the 2017 Buzby Loan Claim constitutes a motion for reconsideration requiring leave of Court to file, and if so, whether Scottsdale can satisfy the requirements of Local Rule 7-9 (b).

///
///
///

    b.    **According to Scottsdale:**

        1.    Whether the Buzby Loan is potentially covered by the Policy.

        2.    What is the amount of attorney's fees and costs that Stem voluntarily paid?

## 5. ADDITIONAL MOTIONS

    a.    **By Stem**

Stem proposes to file the following two motions: (1) a motion for partial summary judgment on the issue of the measure of damages that Scottsdale is required by law to pay for breaching its duty to defend the 2017 Shareholder Lawsuit; and (2) a motion to compel Scottsdale's expert Brand Cooper to produce documents in response to a subpoena served upon him.

    b.    **By Scottsdale**

Scottsdale proposes to file (1) a motion for summary judgment concerning whether the 2017 Buzby Loan alleges a Loss as that term is defined by the Policy; (2) alternatively, a motion for interlocutory appeal; and (3) a motion for leave to supplement the expert witness report of Brand Cooper concerning the amount of reasonable and necessary fees and costs incurred by Buzby in the underlying action in connection with the 2017 Buzby Loan claim.

## 6. TRIAL ALTERNATIVES AND OPTIONS

    a.    **Settlement Discussions**

On January 29, 2021, the parties participated in a half-day mediation before Retired Magistrate Judge Leo Papas. When the case did not settle, the parties proceeded to take the depositions of percipient witnesses, prepare and issue expert reports, file cross-motions for summary judgment/partial summary judgment, and prepare for trial. The parties are now considering whether to mediate again in light of the Court's May 3, 2021 Order.

/ / /

/ / /

b.  **Consent To Trial Before A Magistrate Judge**

The parties do not wish to submit all or any part of their dispute to a master or magistrate judge.

c.  **Trial of Issues**

Stem is willing to submit the remaining issue of damages to a bench trial. However, Scottsdale wishes to have a jury trial.

DATED: May 25, 2021     OSBORNE & NESBITT LLP

By: /s/ Gary W. Osborne
    Gary W. Osborne
    Dominic S. Nesbitt
    Attorneys for Plaintiff, STEM, INC.

DATED: May 25, 2021     COZEN O'CONNOR

By: /s/ Valerie D. Rojas
    Valerie D. Rojas
    Angel Marti, III
    Attorneys for Defendant
    SCOTTSDALE INSURANCE COMPANY

# SIGNATURE ATTESTATION

Pursuant to the Northern District of California's Local Rule 5-1(i)(3), I attest that concurrence in the filing of the document has been obtained from each of the other Signatories.

DATED: May 25, 2021     OSBORNE & NESBITT LLP

By: /s/ Gary W. Osborne
    Gary W. Osborne