**Gary W. Osborne (Bar No. 145734)**
**Dominic S. Nesbitt (Bar No. 146590)**
OSBORNE & NESBITT LLP
101 West Broadway, Suite 1330
San Diego, California 92101
Phone: (619) 557-0343
Fax: (619) 557-0107
gosborne@onlawllp.com
dnesbitt@onlawllp.com

Attorneys for Plaintiff, STEM, INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEM, INC., a Delaware Corporation, <br><br> Plaintiff, <br><br> vs. <br><br> SCOTTSDALE INSURANCE COMPANY, an Ohio Corporation, <br><br> Defendant. | CASE NO. 3:20-cv-02950-CRB <br><br> Assigned to Honorable Charles R. Breyer <br><br> **STEM, INC.'S MOTION FOR ADMINISTRATIVE RELIEF SEEKING LEAVE TO FILE A SECOND MOTION FOR PARTIAL SUMMARY JUDGMENT** |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD**:

**PLEASE TAKE NOTICE THAT** in accordance with Judge Charles R. Breyer's Standing Order I. B. 7., and Northern District Local Rule 7-11, Stem, Inc. hereby seeks leave to file a second motion for partial summary judgment regarding the legal measure of damages, in the form of defense fees and costs, that Scottsdale must pay for breaching its duty to defend.

## MEMORANDUM OF POINTS AND AUTHORITIES

### A. Introduction

As a corollary to the Court's May 3, 2021 ruling that Scottsdale Insurance Company "breached its defense obligation with respect to the 2017 Buzby Loan Claim," Stem now seeks leave to file a second motion for partial summary judgment regarding the legal measure of damages, in the form of defense fees and costs, that Scottsdale is obligated to pay for breaching its duty to defend.

This Court's Standing Order provides that each party is limited to filing one summary judgment motion, and any party wishing to exceed this limit must request leave of the Court and must show good cause. For the following three reasons, Stem submits that "good cause" exists for the Court to consider Stem's proposed motion for partial summary judgment.

First, a ruling on Stem's motion addressing the legal measure of damages that Scottsdale is obligated to pay for breaching its duty to defend would greatly aid the parties and the Court by circumscribing the evidence relevant at trial for determining the amount of Stem's contractual damages. Second, such a ruling would also enable the parties to determine precisely what additional work, if any, is required from their respective damages experts. And third, a ruling on the legal measure of damages may help facilitate settlement discussions.

### B. Background Facts

On April 29, 2020, Stem filed this insurance coverage action against Scottsdale. Stem alleges in its complaint, among other things, that Scottsdale breached its duty to

defend three of its directors, Messrs. Zeb Rice, John Carrington and David Buzby, against a lawsuit pending in the San Mateo County Superior Court entitled *Stacey Reineccius, et al. v. Zeb Rice, et al.*, and assigned Case No. 17CIV02098 (the "2017 Shareholder Lawsuit").

On March 25, 2021, Stem and Scottsdale filed cross-motions for partial summary judgment/summary judgment. Stem's motion for partial summary judgment argued that the 2013 Series B Financing Claim triggered Scottsdale's defense obligations to its three directors under its 2013-2014 policy, while the 2017 Buzby Loan Claim triggered Scottsdale's defense obligations to the three directors under its 2016-2017 policy. Scottsdale, on the other hand, argued in its cross-motion for summary judgment that it did not owe Stem's directors a duty to defend under any of its policies, and/or that its denial was not unreasonable or without proper cause.

On May 3, 2021, the Court issued an Order granting in part and denying in part the parties' respective motions. The Court ruled that Stem was entitled to partial summary judgment with respect to the 2017 Buzby Loan Claim, but otherwise denied Stem's motion. The Court further ruled that Scottsdale was entitled to partial summary judgment with respect to the 2013 Series B Financing Claim, and was also entitled to partial summary judgment with respect to Stem's claims for bad faith and punitive damages. The Court denied Scottsdale's motion for summary judgment with respect to the 2017 Buzby Loan Claim.

In granting Stem's motion with respect to the 2017 Buzby Loan Claim, the Court found as follows:

> Stem is entitled to partial summary judgment on Stem's breach of contract claim because Scottsdale breached its defense obligations with respect to the 2017 Buzby Loan Claim, which was part of the underlying 2017 Shareholder Lawsuit.

(Court's May 3, 2021 Order, p. 25:1-3.)

Following this Court's May 3, 2021 Order, the only issue that remains to be decided in this case is the amount of damages to which Stem is entitled as a result of Scottsdale's

breach of the duty to defend. By far the largest component of Stem's damages is the defense fees and costs it was forced to incur to defend its three directors. Stem's proposed motion for partial summary judgment would be narrowly focused on how this particular component of damages is measured under California law.

**C.    Good Cause Exists To Grant Leave For Stem To File A Second Motion For Partial Summary Judgment**

As is apparent from the "Joint Status Report" filed on May 25, 2021 (Doc. 52), the parties disagree sharply about what damages are owed by a liability insurer held to have breached its duty to defend. In Stem's view, California law on this issue is now settled: the legal measure of damages for breach of the duty to defend extends to the fees and costs incurred by Stem to defend its directors against the <u>entire</u> 2017 Shareholder Lawsuit. *See Buss v. Superior Court*, 16 Cal.4 th 35, 48-49 (1997) (holding that in a "mixed" action, in which at least one claim is potentially covered and at least one claim is not, the law imposes on a liability insurer a duty to defend the <u>entire action</u>) (underscore added); *KM Strategic Mgmt., LLC v. Am. Cas. Co. of Reading, PA*, 2016 U.S. Dist. LEXIS 98273, **20-21 (C.D. Cal. July 25, 2016) ("having breached its duty to defend, American Casualty is required, as a matter of law, to pay as damages all reasonable and necessary fees and costs that plaintiffs incurred to defend against [the underlying actions], <u>including any fees and costs related to the defense of claims for which there was not even a potential for coverage</u>.") (underscore added); *Joor Manufacturing, Inc., et al. v. Allied Property & Casualty Ins. Co., et al.*, Case No. 01-cv-0468-B, Doc. 207, p. 7 (S.D. Cal. August 1, 2002) ("Allied's argument in favor of apportionment is unmeritorious . . . <u>Allied lost its opportunity for such apportionment when it repudiated Plaintiffs' defense</u>.") (underscore added); *Thane International, Inc. v. Hartford Fire Ins. Co.*, 2009 U.S. Dist. LEXIS 13696, *16 (C.D. Cal. February 19, 2009) ("'[The insurer's] argument that its duty to defend should be apportioned with its insured . . . is contrary to California law.'"), citing *State v. Pacific Indem. Co.*, 63 Cal.App.4th 1535, 1548 (1998); *Cassady v. Morgan, Lewis & Bockius LLP*, 145 Cal.App.4th 220, 236 (2006) ("When an insurer *refuses* to defend an

action in which a potential for coverage exists, the insured may recover defense costs, including attorney's fees allocable to the defense of noncovered claims, unless the insurer can prove they were unreasonable or unnecessary."); *Electronics For Imaging, Inc. v. Atlantic Mut. Ins. Co.*, 2007 U.S. Dist. LEXIS 38058, *7 (N.D. Cal. May 14, 2007) (Judge Breyer) ("As defendant did not provide plaintiff with a defense, defendant is liable for plaintiff's costs and fees incurred in defending the underlying action, <u>including those fees and costs incurred in defending claims that are not even potentially covered</u>.") (underscore added).

For its part, Scottsdale contends "it is only obligated to pay the reasonable and necessary costs to defend Buzby in connection with the 2017 Buzby Loan Claim." (Joint Status Report, p. 5:13-15.)  In other words, Scottsdale is apparently of the view that only Mr. Buzby faces potential liability for the 2017 Buzby Loan Claim, and moreover, it only owes as damages those fees and costs allocated to the defense of the 2017 Buzby Loan Claim in the 2017 Shareholder Lawsuit.

For the following reasons, good cause exists to have this legal issue resolved by partial summary judgment prior to trial. First, a ruling on Stem's motion, addressing the legal measure of damages that Scottsdale is obligated to pay for breaching its duty to defend, would greatly aid the parties and the Court by circumscribing the evidence relevant at trial for determining the amount of Stem's contractual damages. There is an obvious order of magnitude difference between, on the one hand, those fees and costs incurred by Stem to defend its three directors against the <u>entire</u> 2017 Shareholder Lawsuit, and on the other hand, those fees and costs incurred by Stem to defend <u>only</u> Mr. Buzby against <u>only</u> the 2017 Buzby Loan Claim.

Second, such a ruling would also enable the parties to determine precisely what additional work, if any, is required from their respective damages experts. For example, in the Joint Status Report, Scottsdale proposes to file a "motion for leave to supplement the expert witness report of Brand Cooper concerning the amount of reasonable and necessary fees and costs incurred by Buzby in the underlying action in connection with the 2017

Buzby Loan claim." (Joint Status Report, p. 9:13-18.) However, such a motion, and such additional expert work and discovery, is irrelevant – and, therefore, entirely unnecessary – if the Court finds the legal measure of damages for breach of the duty to defend precludes a breaching insurer from allocating between the cost of defending covered and non-covered claims.

And third, a ruling on the legal measure of damages may help facilitate settlement discussions by enabling the parties to better evaluate the risks and rewards of continued litigation.

In its May 3, 2021 Order, this Court vacated the trial date and the deadline for filing dispositive motions. (Court's May 3, 2021 Order, p. 25:12-15.) By doing so, the Court has opened a window during which the parties can address, and the Court can determine, what is the legal measure of damages that Scottsdale must pay for breaching its duty to defend. Stem respectfully submits that obtaining the Court's ruling on this issue may help facilitate a more efficient resolution of this matter, whether by trial or settlement. *See KM Strategic, supra* (addressing insured's motion for partial summary judgment regarding the measure of damages following an order finding the insurer breached its duty to defend).

Scottsdale has declined to stipulate to Stem filing its proposed motion for partial summary judgment. (Declaration of Gary W. Osborne, ¶¶2-3.) Accordingly, Stem brings the instant Motion for Administrative Relief.

**D.    Conclusion**

Stem respectfully asks this Court to grant it leave to file a second motion for partial summary judgment regarding the legal measure of damages, in the form of defense fees and costs, that Scottsdale owes for breaching its duty to defend.

DATED: June 4, 2021                    OSBORNE & NESBITT LLP

By: /s/Gary W. Osborne
Gary W. Osborne
Attorney for Plaintiff, STEM, INC.