**Gary W. Osborne (Bar No. 145734)**
**Dominic S. Nesbitt (Bar No. 146590)**
OSBORNE & NESBITT LLP
101 West Broadway, Suite 1330
San Diego, California 92101
Phone: (619) 557-0343
Fax: (619) 557-0107
gosborne@onlawllp.com
dnesbitt@onlawllp.com

Attorneys for Plaintiff, STEM, INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEM, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SCOTTSDALE INSURANCE COMPANY, an Ohio Corporation,<br><br>Defendant. | CASE NO. 3:20-cv-02950-CRB<br><br>Assigned to Honorable Charles R. Breyer<br><br>**DECLARATION OF GARY W. OSBORNE IN SUPPORT OF STEM, INC.'S MOTION FOR ADMINISTRATIVE RELIEF SEEKING LEAVE TO FILE A SECOND MOTION FOR PARTIAL SUMMARY JUDGMENT** |

I, Gary W. Osborne, declare as follows:

1. I am an attorney at Osborne & Nesbitt LLP, counsel of record for Stem, Inc. ("Stem") in the above-referenced insurance coverage lawsuit. I am over the age of eighteen and have personal knowledge of the facts set forth in this declaration, and if called upon to testify, I could and would testify competently thereto.

2. Attached hereto as Exhibit "A" is a true and correct copy of an email I sent to Scottsdale Insurance Company's ("Scottsdale's") counsel in this action, Valerie Rojas. In this email, I asked whether Scottsdale would be willing to stipulate to Stem being allowed to file a second motion for partial summary judgment regarding the legal measure of

damages that Scottsdale must pay for breaching its duty to defend. I asked her to "please let me know prior to noon (Pacific Time) on Friday, June 4, 2021." I conclude by writing, "If I don't hear from you by that date and time, then I will understand that Scottsdale is not willing to stipulate, and will file a Motion for Administrative Relief."

    3.    I did not hear back from Ms. Rojas in response to the attached email and, for that reason, Stem is proceeding to file the present Motion for Administrative Relief.

I declare under penalty of perjury under the laws of the United States of America that the above statements are true and correct.

DATED: June 4, 2020            /s/ Gary W. Osborne
                                        Gary W. Osborne

# EXHIBIT A

# Gary Osborne

| | |
|---|---|
| **From:** | Gary Osborne |
| **Sent:** | Wednesday, June 02, 2021 5:18 PM |
| **To:** | Rojas, Valerie D. |
| **Cc:** | Marti, Angel; Dominic Nesbitt |
| **Subject:** | Stem v. Scottsdale  (Request for Stipulation to Allow Stem to File a Second Motion for Partial Summary Judgment) |

Valerie:

As a corollary to the Court's May 3, 2021 ruling that Scottsdale Insurance Company "breached its defense obligation with respect to the 2017 Buzby Loan Claim," Stem now wishes to file a second motion for partial summary judgment regarding the legal measure of damages that Scottsdale owes for breaching its duty to defend.  As you know, this legal issue is currently in dispute, and is now ripe for resolution by the Court.

Judge Breyer's Standing Order provides that each party is limited to filing one summary judgment motion, and any party wishing to exceed this limit must request leave of the Court and must show good cause.  <u>Before filing a Motion for Administrative Relief pursuant to Local Rule 7-11, I want to check with you to see whether Scottsdale would be willing to stipulate to Stem being allowed to file the above-referenced second motion for partial summary judgment</u>.

As we see it, for three reasons, "good cause" exists for the Court to grant leave to Stem to file a motion for partial summary judgment regarding the legal measure of damages that Scottsdale must pay for breaching its duty to defend.  First, such a motion would preserve the resources of the Court and the parties at trial by circumscribing the evidence that would be relevant to determining the amount of Stem's contractual damages.  Second, such a motion would also preserve the parties' resources during expert discovery by enabling them to determine accurately what additional work, if any, would be required from their respective experts. And third, a decision on this legal issue could help facilitate a settlement of this case, which is now made more difficult by the parties' widely divergent views on the issue.

<u>If Scottsdale is willing to stipulate, then please let me know prior to noon (Pacific Time) on Friday, June 4, 2021.  If I don't hear from you by that date and time, then I will understand that Scottsdale is not willing to stipulate, and will file a Motion for Administrative Relief</u>.

Thank you for your attention to this issue.

Gary


**Gary Osborne**  |  Partner
OSBORNE & NESBITT LLP
*Insurance Recovery Lawyers*
**o:** 619-557-0343   |   **w:** onlawllp.com
**c:** 619-208-0554

The information contained in this email is confidential and may be protected from disclosure by the attorney-client and/or attorney work product privileges.  The information is intended only for use by the stated recipient.  If you are not the stated recipient, or the recipient's agent for delivery you are hereby notified that any review, use, dissemination, distribution or copying of this communication, or any part of this communication, may be prohibited by law.  Thank you.