**COZEN O'CONNOR**
Valerie D. Rojas, State Bar No. 180041
*vrojas@cozen.com*
601 S. Figueroa Street, Suite 3700
Los Angeles, CA 90017
Telephone: 213.892.7900
Facsimile: 213.892.7999

Attorney for SCOTTSDALE INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEM, INC., <br><br> Plaintiff, <br><br> v. <br><br> SCOTTSDALE INSURANCE COMPANY, an Ohio corporation; and DOES 1 through 20, inclusive, <br><br> Defendants. | Case No.: 3:20-cv-02950-CRB <br><br> **ADMINISTRATIVE MOTION FOR AN ORDER PERMITTING DEFENDANT SCOTTSDALE INSURANCE COMPANY TO FILE A SECOND MOTION FOR SUMMARY JUDGMENT** |

Pursuant to Local Rules 7-11 and 79-5, defendant Scottsdale Insurance Company ("Scottsdale") respectfully moves for an Order permitting Scottsdale to file a second Motion for Summary Judgment ("Motion"). The basis for this administrative motion is that if Scottsdale's Motion is successful, there will be no need for a trial in this matter, as more particularly set forth below.

1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND SUMMARY OF ARGUMENT

Plaintiff Stem, Inc. ("Stem") filed this action alleging that it is entitled to insurance coverage under a Business and Management Indemnity Policy issued to Stem by Defendant Scottsdale Insurance Company ("Scottsdale") for a lawsuit filed on May 12, 2017, entitled *Reineccius, et al. v. Rice, et. al*., against its directors ("Underlying Action"). Stem's complaint alleges the following four claims for relief: (1) Breach of Contract (the 2013-2014 Policy); (2) Breach of Contract (the 2016-2017 Policy); (3) Tortious Breach of the Implied Covenant of Good Faith and Fair Dealing; and (4) Declaratory Relief.

On March 25, 2021, Stem and Scottsdale filed cross-motions for partial summary judgment/summary judgment. Stem argued that the Underlying Action triggered Scottsdale's defense obligation and that the 2017 Buzby Loan Claim is a separate claim that triggered Scottsdale's defense obligation under the 2016-2017 policy. Scottsdale argued in its motion for summary judgment that it did not owe Stem's directors a duty to defend under any of its policies, and/or that its denial was not unreasonable or without proper cause.

On May 3, 2021, the Court issued an Order granting in part and denying in part the parties' respective motions. Dkt. 51. The Court ruled that Stem was entitled to partial summary judgment with respect to the 2017 Buzby Loan Claim, but otherwise denied Stem's motion. The Court further ruled that Scottsdale was entitled to partial summary judgment with respect to the 2013 Series B Financing Claim, and was also entitled to partial summary judgment with respect to Stem's claims for bad faith and punitive damages. The Court held that the 2017 Buzby Loan Claim triggered Scottsdale's duty to defend. The Court further ordered that the following dates be vacated: (1) the June 13, 2021 trial date; (2) the May 27, 2021 pre-trial conference; (3) the April 30, 2021 deadline for filing dispositive motions; and (4) the May 14, 2021 expert discovery cut-off date.

The remaining issues for trial are whether there is a potential for coverage for the 2017 Buzby Loan, and what are the reasonable and necessary attorney's fees and costs incurred for the defense of Buzby in connection with the 2017 Buzby Loan claim. However, there is no potential for coverage for the 2017 Buzby Loan claim because it does not allege a Loss as that term is defined by the Policy. If Scottsdale successfully proves this in its Motion, there will be no need for a trial.

## II. SCOTTSDALE'S PROPOSED MOTION FOR SUMMARY JUDGMENT WILL ALLEVIATE THE NEED FOR A TRIAL

Scottsdale proposes to file a second motion for summary judgment concerning whether the Buzby Loan Claim alleges a Loss as that term is defined by the Policy. Stem claims the motion is a motion for reconsideration, but the Court did not address these issues. In fact, the Court specifically declined to decide the issue of "Loss" with respect to the 2019 settlements, but an order that the 2017 Buzby Loan does not allege a Loss would eliminate the need for a trial. Dkt. 51, p. 22, fn. 7.

Plaintiffs in the underlying action contend that Buzby breached his fiduciary duties by making a short term loan to Stem in 2017 at a high interest rate. The 2017 Buzby Loan claim is not potentially covered because it does not allege a Loss as that term is defined by the Policy. Section B.7. of the Policy defines Loss and states that "Loss does not include: b. matters uninsurable under the laws pursuant to which this Policy is construed." In California, claims for restitution and disgorgement are uninsurable as a matter of law because "Damages within the meaning of an insurance contract do not include the restoration of an ill-gotten gain." *Bank of the West v. Superior Court*, 2 Cal.4th 1254, 1270 (1992).

"Disgorgement of profits is particularly applicable in cases dealing with breach of a fiduciary duty, and is a logical extension of the principle that public officials and other fiduciaries cannot profit by a breach of their duty. Where a person profits from transactions conducted by him as a fiduciary, the proper measure of damages is full disgorgement of any secret profit made by the fiduciary regardless of whether the

principal suffers any damage. [Citations.]" *County of San Bernardino v. Walsh*, 158 Cal.App.4th 533, 543 (2007); *Level 3 Comms. v. Federal Ins. Co.*, 272 F.3d 908, 910–11 (7th Cir.2001)(holding that a policyholder does not incur an insurable "loss" when it is compelled to return allegedly ill-gotten gains in connection with the purchase or sale of a company)(citing cases).

The court has discretion to permit multiple motions for summary judgment. *Citizens for Free Speech, LLC v. County of Alameda*, 194 F.Supp.3d 968, 970 (N.D. Cal. 2016). The denial of an insurer's motion for summary judgment on the duty to defend does not necessarily mean the insurer has a duty to defend, and an insurer may still prove the lack of such a duty at trial. *McMillin Companies, LLC v. American Safety Indemnity Co.*, 233 Cal.App.4th 518, 533 (2015) (duty to defend on summary judgment not established where court did not cite to a factual dispute). Thus, Scottsdale is still entitled to prove that there is no potential for coverage for the Underlying Action based upon issues not addressed by the court. However, Scottsdale's proposed motion could eliminate the need for a trial. Moreover, Stem also proposes to file a second motion for summary judgment. To the extent Stem is permitted to file such a motion, it would be unfair to preclude Scottsdale from also filing a second motion for summary judgment.

### III.   CONCLUSION

For the foregoing reasons, Scottsdale respectfully requests that its motion be granted and that it be permitted to file a second motion for summary judgment.

DATED: June 7, 2021         COZEN O'CONNOR

By:  /s/ *Valerie D. Rojas*
    Valerie D. Rojas
    Angel Marti, III
    Attorneys for Defendant
    SCOTTSDALE INSURANCE COMPANY