1  **COZEN O'CONNOR**
   Valerie D. Rojas, State Bar No. 180041
2  *vrojas@cozen.com*
3  601 S. Figueroa Street, Suite 3700
   Los Angeles, CA 90017
4  Telephone: 213.892.7900
5  Facsimile: 213.892.7999

6  Attorney for SCOTTSDALE INSURANCE COMPANY
7

8
                        **UNITED STATES DISTRICT COURT**
9
                   **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
10

11

12 STEM, INC.,                                  Case No.: 3:20-cv-02950-CRB

13         Plaintiff,                           **DEFENDANT SCOTTSDALE INSURANCE COMPANY'S RESPONSE TO PLAINTIFF STEM, INC.'S ADMINISTRATIVE MOTION FOR AN ORDER PERMITTING PLAINTIFF TO FILE A SECOND MOTION FOR SUMMARY JUDGMENT**
14    v.
15 SCOTTSDALE INSURANCE
   COMPANY, an Ohio corporation; and
16 DOES 1 through 20, inclusive,
17         Defendants.
18

19     Pursuant to Local Rules 7-11(b), defendant Scottsdale Insurance Company
20 ("Scottsdale") responds to plaintiff Stem, Inc.'s ("Stem") administrative motion for an
21 Order permitting Stem to file a second Motion for Summary Judgment ("Motion").
22
23
24
25
26
27
28
                                          1

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION AND ARGUMENT**

Plaintiff Stem, Inc. ("Stem") filed this action alleging that it is entitled to insurance coverage under a Business and Management Indemnity Policy issued to Stem by Defendant Scottsdale Insurance Company ("Scottsdale") for a lawsuit filed on May 12, 2017, entitled *Reineccius, et al. v. Rice, et. al*., against its directors ("Underlying Action"). Stem's complaint alleges the following four claims for relief: (1) Breach of Contract (the 2013-2014 Policy); (2) Breach of Contract (the 2016-2017 Policy); (3) Tortious Breach of the Implied Covenant of Good Faith and Fair Dealing; and (4) Declaratory Relief.

On March 25, 2021, Stem and Scottsdale filed cross-motions for partial summary judgment/summary judgment. Stem argued that the Underlying Action triggered Scottsdale's defense obligation and that the 2017 Buzby Loan Claim is a separate claim that triggered Scottsdale's defense obligation. Scottsdale argued in its motion for summary judgment that it did not owe Stem's directors a duty to defend under any of its policies, and/or that its denial was not unreasonable or without proper cause.

On May 3, 2021, the Court issued an Order granting in part and denying in part the parties' respective motions. Dkt. 51. The Court ruled that Stem was entitled to partial summary judgment with respect to the 2017 Buzby Loan Claim, but otherwise denied Stem's motion. The Court further ruled that Scottsdale was entitled to partial summary judgment with respect to the 2013 Series B Financing Claim, and was also entitled to partial summary judgment with respect to Stem's claims for bad faith and punitive damages. The Court held that the 2017 Buzby Loan Claim triggered Scottsdale's duty to defend. The Court further ordered that the following dates be vacated: (1) the June 13, 2021 trial date; (2) the May 27, 2021 pre-trial conference; (3) the April 30, 2021 deadline for filing dispositive motions; and (4) the May 14, 2021 expert discovery cut-off date.

The remaining issues for trial are whether there is a potential for coverage for the 2017 Buzby Loan and if so, what are the reasonable and necessary attorney's fees and costs incurred for the defense of Buzby in connection with the 2017 Buzby Loan claim.

Stem moves for permission to file a second motion for summary judgment. Scottsdale does not oppose Stem's request provided that Scottsdale also be permitted to file a second motion for summary judgment as more particularly set forth in Scottsdale's Administrative Motion for an order permitting Scottsdale to file a second motion for summary judgment. In particular, there is no potential for coverage for the 2017 Buzby Loan claim because it does not allege a Loss as that term is defined by the Policy. If Scottsdale successfully proves this in its Motion, there will be no need for a trial.

Stem objected to Scottsdale's proposed Motion in the parties' Status Report because it contends that Scottsdale already made this argument. However, Stem is incorrect as this issue was not previously raised.

In addition, the court has discretion to permit multiple motions for summary judgment. *Citizens for Free Speech, LLC v. County of Alameda*, 194 F.Supp.3d 968, 970 (N.D. Cal. 2016). The denial of an insurer's motion for summary judgment on the duty to defend does not necessarily mean the insurer has a duty to defend, and an insurer may still prove the lack of such a duty at trial. *McMillin Companies, LLC v. American Safety Indemnity Co*., 233 Cal.App.4th 518, 533 (2015) (duty to defend on summary judgment not established where court did not cite to a factual dispute). Thus, Scottsdale is still entitled to prove that there is no potential for coverage for the Underlying Action based upon issues not addressed by the court.

Moreover, it would be patently unfair to allow Stem to file a second motion for summary judgment and at the same time, preclude Scottsdale from filing a second motion for summary judgment.

## II. CONCLUSION

For the foregoing reasons, Scottsdale respectfully requests that if Stem's motion is granted, that its motion also be granted and that the parties be permitted to file a second motion for summary judgment.

DATED: June 7, 2021				COZEN O'CONNOR

						By:  /s/ *Valerie D. Rojas*
						    Valerie D. Rojas
						    Angel Marti, III
						    Attorneys for Defendant
						    SCOTTSDALE INSURANCE COMPANY