IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEM, INC.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SCOTTSDALE INSURANCE COMPANY,<br><br>　　　　　Defendant. | Case No. 20-cv-02950-CRB<br><br>**ORDER GRANTING STEM'S MOTION TO FILE SECOND MOTION FOR PARTIAL SUMMARY JUDGMENT; DENYING SCOTTSDALE'S MOTION TO FILE SECOND MOTION FOR SUMMARY JUDGMENT** |

Stem, Inc. has sued its liability insurer, Scottsdale Insurance Company, alleging that Scottsdale breached the terms of their insurance contract when Scottsdale failed to cover Stem's losses associated with a 2017 lawsuit against Stem. See Summary Judgment Order (dkt. 51) at 1. In that underlying lawsuit, certain Stem shareholders asserted claims arising from two transactions relevant here: a 2013 Series B financing round and a 2017 loan from Stem board member David Buzby to Stem. Id. Stem asserted various causes of action based on Scottsdale's denial of coverage and requested compensatory and punitive damages, along with attorneys' fees. Id. Scottsdale moved for summary judgment on all of Stem's causes of action; Stem moved for partial summary judgment on Scottsdale's obligations under the policy but sought a jury trial on its cause of action for breach of the implied covenant of good faith and fair dealing and on Stem's request for punitive damages and attorneys' fees. Id.

The Court granted in part and denied in part Scottsdale's motion. Id. The Court granted Scottsdale's motion with respect to (1) Scottsdale's coverage obligations in relation to the 2013 Series B financing round Claim in the underlying 2017 shareholder lawsuit, (2) Stem's breach of the implied covenant of good faith and fair dealing cause of

1  action, and (3) Stem's request for punitive damages and attorneys' fees. Id. at 1–2. The
2  Court denied Scottsdale's motion with respect to Scottsdale's coverage obligations in
3  relation to the 2017 Buzby loan Claim in the underlying 2017 lawsuit. Id. at 2. In doing
4  so, the Court addressed Scottsdale's argument "that the settlement payments that Stem
5  made in 2019 as well as the demands for restitution of shares in the 2017 shareholder
6  lawsuit do not fall under the relevant definition of insurable 'Loss' under the policy." Id.
7  at 22 n.7. The Court rejected this argument as a basis for Scottsdale to deny coverage
8  because Scottsdale had "not explained why other losses like attorneys' fees, costs, and
9  damages are excluded from the definition of 'Loss.'" Id. Thus, Scottsdale's argument
10  could be relevant to the "magnitude" of the Loss under the policy, but could not defeat
11  Scottsdale's coverage obligations entirely. Id.

12  The Court also granted in part and denied in part Stem's motion for summary
13  judgment. Id. at 2. The court granted Stem's motion with respect to Scottsdale's coverage
14  obligation in relation to the 2017 Buzby loan Claim in the underlying 2017 shareholder
15  lawsuit but otherwise denied Stem's motion. Id.

16  Stem now requests leave to move for partial summary judgment regarding the legal
17  measure of damages. See Stem Mot. for Leave (dkt. 53). Because that is the logical next
18  step, the Court grants Stem's request. Stem shall file its motion within 30 days of the date
19  of this order.

20  Scottsdale also requests leave to move for summary judgment on the question
21  "whether there is a potential for coverage for the 2017 Buzby Loan" Claim. See Scottsdale
22  Mot. for Leave (dkt. 54) at 3. Scottsdale wishes to argue that the Buzby loan Claim does
23  not allege a "Loss as that term is defined by the policy." Id. The Court denies Scottsdale
24  leave to file such a motion. If Scottsdale aims to show that the court erred in holding that
25  there was potential for coverage in relation to the 2017 Buzby loan Claim based on the
26  arguments previously presented, then Scottsdale should have moved for reconsideration.
27  If Scottsdale aims to present new arguments relevant to that issue, then Scottsdale should
28  have presented those arguments before.

That said, as the Court has stated, the issue of what counts as a "Loss" may be relevant to the "magnitude" of the Loss at issue here, and thus the damages question. See Summary Judgment Order at 22 n.7. Therefore, Scottsdale may assert arguments regarding the magnitude of any insurable Loss in response to Stem's motion for partial summary judgment regarding the legal measure of damages.

**IT IS SO ORDERED.**

Dated: June 14, 2021



_____
CHARLES R. BREYER
United States District Judge