IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEM, INC., <br><br> Plaintiff, <br><br> v. <br><br> SCOTTSDALE INSURANCE COMPANY, <br><br> Defendant. | Case No. 20-cv-02950-CRB <br><br> **ORDER GRANTING MOTION FOR PARTIAL SUMMARY JUDGMENT** |

Stem, Inc. has sued its liability insurer, Scottsdale Insurance Company, alleging that Scottsdale breached the terms of their insurance contract when Scottsdale failed to cover Stem's losses associated with a 2017 lawsuit against Stem. See First MSJ Order (Dkt. 51) at 1. In that underlying lawsuit, certain Stem shareholders asserted claims arising from two transactions relevant here: a 2013 Series B financing round and a 2017 loan from Stem board member David Buzby to Stem. Id.

After both Stem and Scottsdale moved for summary judgment, this Court held that under the insurance policy, the 2017 Buzby Loan Claim triggered Scottsdale's coverage obligations under the policy, but the 2013 Series B Financing Round Claim did not. Id. at 1–2. The pertinent facts and law are more fully explained in the Court's first summary judgment order. See id.

Stem now moves for partial summary judgment regarding the proper measure of damages. See Mot. for Partial SJ (dkt. 58) at 1. Stem asserts that under California law, Scottsdale must pay all fees and costs that Stem incurs while defending its directors and officers against the 2017 lawsuit. Id. In other words, even if only the 2017 Buzby Loan Claim (and not the 2013 Series B Financing Round Claim) triggered Scottsdale's duty to

1  defend, that duty requires Scottsdale to pay Stem's defense fees and costs for the entire
2  lawsuit, not just the fees and costs for the covered 2017 Buzby Loan Claim within that
3  lawsuit.
4      The Court determines that oral argument is not necessary.  The Court grants Stem's
5  motion for partial summary judgment.
6      Scottsdale must pay Stem's attorneys' fees and costs for the entire 2017 lawsuit.
7  The parties agree that, at least generally, an insurer that breached its duty to defend is
8  liable for the reasonable and necessary costs of defending the entire litigation.  See Mot.
9  for Partial SJ at 1 (citing Buss v. Superior Court, 16 Cal.4th 35, (1997)); Response (dkt.
10 59) at 6; Reply (dkt. 60) at 5.  But Scottsdale argues that there is an exception to that rule
11 when the "insurer produces undeniable evidence of the allocability of specific expenses."
12 Response at 6 (quoting Hogan v. Midland National Ins. Co., 3 Cal.3d 553, 564 (1970).
13 And Scottsdale argues that although such allocation "is usually nearly impossible," id.
14 (quoting Crist v. Ins. Co. of North America, 529 F.Supp. 601, 605 (D. Utah 1982)), here
15 allocation is possible Stem's legal invoices show that Stem has paid no attorneys' fees or
16 costs relating to the 2017 Buzby Loan Claim.  See id. at 6–7.
17     The Court rejects Scottsdale's arguments regarding this purported exception for two
18 reasons:  first, it relies on caselaw that pre-dates Buss, which appears to have eliminated
19 the exception.  See 16 Cal.4th at 58–59.  Second, even if the exception exists, there is not
20 undeniable evidence of the allocability of specific expenses because the 2017 lawsuit is
21 ongoing and, for the reasons stated in Stem's reply brief, Stem has taken certain steps to
22 defend against the 2017 Buzby Loan claim—steps for which Scottsdale's proposed
23 allocation does not account.  See Reply at 6–7.
24     Moreover, Scottsdale's liability is not limited to the losses associated with
25 defending David Buzby.  Although the underlying Complaint refers to the Buzby Loan
26 transaction as a "separate breach of his fiduciary duty" to the underlying plaintiffs, the
27 underlying Complaint later states that "in connection with each act and omission described
28 herein," not only Buzby, but also Rice and Carrington, "were conflicted, did not comprise

an independent board, and took no steps to mitigate their conflict of interest." Underlying Complaint (dkt. 37-3) ¶¶ 79, 85 (emphasis added). That makes sense, because Buzby presumably could not have made the loan to Stem without some involvement from other Stem board members. Thus, Buzby, Rice, and Carrington are at least potentially liable in connection with the 2017 Buzby Loan Claim.

The Court also rejects Scottsdale's other arguments. First, Scottsdale argues that Stem has not satisfied its burden of proving the amount of damages. See Response at 4. But Stem moved for partial summary judgment on the proper measure of damages, not the amount of damages. Second, Scottsdale rehashes its argument that it owes no defense based on the 2017 Buzby Loan Claim because the underlying plaintiffs "seek only disgorgement." Id. at 8. The Court has already rejected this argument. See First MSJ Order at 22 n.7. As the Court explained in its order granting Stem leave to file the instant motion, "[i]f Scottsdale aims to show that the court erred in holding that there was potential for coverage in relation to the 2017 Buzby Loan Claim based on the arguments previously presented, then Scottsdale should have moved for reconsideration. If Scottsdale aims to present new arguments relevant to that issue, then Scottsdale should have presented those arguments before." Order Granting Leave to File (dkt. 57) at 2. Moreover, the underlying complaint belies Scottsdale's argument because the underlying plaintiffs seek damages and there is no reason to conclude that damages would not be available based on the alleged improper loan. See Underlying Complaint at 19–20.

For the foregoing reasons, the Court grants Stem's motion for partial summary judgment.

**IT IS SO ORDERED.**

Dated: July 30, 2021

_____
CHARLES R. BREYER
United States District Judge